IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TYRONE A. WRIGHT,<br>　　　　　Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 5:25-cv-02808-JMG |
| | : | |
| CITY OF ALLENTOWN, *et al.*<br>　　　　　Defendants. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                        **April 21, 2026**

## I.    OVERVIEW

Plaintiff Tyrone A. Wright, a Black 67-year-old man, brings Section 1983 and state law claims against Defendants, City of Allentown ("City") and Mandy Tolino (collectively, "Defendants"), for Defendants' decision to hire a younger, White applicant for the City's Recreation Manager position. Defendants move to dismiss all Plaintiff's claims. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

## II.    BACKGROUND[1]

Plaintiff works in the sports and recreation industry. *See* Am. Compl. at 1 (ECF No. 10). He has a master's degree in sports management and had a "successful career in the recreation field and management/leadership field." *See id.* In 1995, Plaintiff began working for the City's Department of Parks and Recreation as a swimming pool manager and basketball referee.[2] *See id.*

---

[1] The Court accepts Plaintiff's factual allegations as true, as we must at this early stage.

[2] Plaintiff's referee work was performed as an independent contractor. *See* Am. Compl. ¶ 9.

¶¶ 8-9. He held the manager position for four years and the referee position until 2023. *See id.* ¶¶ 8-9.

In March 2024, after seeing the City's job posting for "Recreation Manager," Plaintiff submitted his cover letter and supporting documents. *See id.* ¶¶ 10-13. He later confirmed with human resources that the City received his application. *See id.* ¶¶ 14-15. On or about May 10, 2024, Plaintiff called human resources again to ask whether the position was filled. *See id.* ¶ 17. Plaintiff learned that Chris Hendricks, a younger White male and the son of an Allentown City Council member, had been hired for the position. *See id.* ¶ 17.

On or about May 29, 2024, Plaintiff began the process of filing a complaint with the Pennsylvania Human Relations Commission ("PHRC"). *See id.* ¶ 19. While Plaintiff waited for the City to respond, he learned that another Black recreation department staff member had applied for the Recreation Manager position and did not receive an interview. *See id.* ¶¶ 26-27. Plaintiff received his Right to Sue letters from the PHRC and EEOC on February 27, 2025, and March 21, 2025, respectively. *See id.* ¶¶ 33-34.

Plaintiff brings this action against Defendants, alleging racial discrimination under 42 U.S.C. § 1981 (brought under 42 U.S.C. § 1983) and the Pennsylvania Human Relations Act ("PHRA"). He also brings an age discrimination claim under the PHRA against the City only. Defendants move to dismiss all five claims.

### III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

### IV.    ANALYSIS

#### a.  Section 1981 Claims Brought Under Section 1983

Section 1981 provides that all persons within the United States "have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). To state a claim under Section 1981, Plaintiff must "prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Af. Am.-Owned Media*, 589 U.S. 327, 341 (2020); *see also Gross v. R.T. Reynolds, Inc.*, 487 F. App'x 711, 716-17 (3d Cir. 2012) (explaining plaintiff failed to explain how defendant "treated non-minority contractors any differently than it treated him, or how delays in the construction project were motivated by or related to [plaintiff's] race"). That requires showing that: (1) Plaintiff "belongs to a racial minority; (2) an intent to discriminate on the basis of race by [Defendants]; and (3) discrimination concerning one or more of the activities enumerated in § 1981." *Summers v. Child.'s Hosp. of Phila.*, No. 21-3479, 2021 WL 5789057, at *2 (E.D. Pa. Dec. 7, 2021) (quoting *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002)). However, Section 1981 "does not support a cause of action for every instance of racial discrimination or hostility." *Pinckney v. Pep Boys - Manny Moe*

3

*& Jack*, No. 19-3775, 2021 WL 3578983, at \*2 (3d Cir. Aug. 13, 2021) (citing *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479 (2006); *Hammond v. Kmart Corp.*, 733 F.3d 360, 364 (1st Cir. 2013)). Only intentional discrimination will suffice. *Pryor*, 288 F.3d at 562; *see also Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391, (1982) (explaining only purposeful discrimination will violate Section 1981).

When the defendant is a state actor, as Defendants are here, the proper vehicle for a Section 1981 claim is Section 1983. *See Massey v. Borough of Bergenfield*, 169 F.4th 188, 202 (3d Cir. 2026) ("A *Monell* theory against a municipality 'arising under § 1981' is a § 1983 claim relying on a *Monell* theory predicated on a violation of one of the rights established in § 1981." (quoting *McGovern v. City of Phila.*, 554 F.3d 114, 116, 121 (3d Cir. 2009)). "Section 1983 provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Halsey v. Pfeiffer*, 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983)). Because racial discrimination in employment contracts violates Section 1981, Plaintiff can bring his federal racial discrimination claims against Defendants under Section 1983. *See Young v. Se. Pa. Transp. Auth.*, No. CV 21-4375, 2023 WL 3204019, at \*14 (E.D. Pa. May 2, 2023) (explaining Section 1981 "prohibits employment discrimination on the basis of race" (quoting *Ali v. Woodbridge Twp. Sch. Dist.*, 957 F.3d 174, 180 (3d Cir. 2020))).

### 1. Claim Against City of Allentown

Plaintiff brings this Section 1981 claim via Section 1983 against the City on the basis of municipal liability. For the City to be held liable, the City's Section 1981 violation must be "the result of municipal custom, policy, or practice." *See Araoye v. City of Phila.*, No. CV 19-719, 2022 WL 16553374, at \*4 (E.D. Pa. Oct. 31, 2022); *Moore v. Solanco Sch. Dist.*, 471 F. Supp. 3d 640, 666 (E.D. Pa. 2020) (citing *Daniels v. Sch. Dist. of Phila.*, 982 F. Supp. 2d 462, 478 (E.D. Pa. 2013)); *see also Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020) (citing *Monell v. Dep't*

*of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)) (explaining that municipalities cannot be held liable for Section 1983 violations under a *respondeat superior* theory). Plaintiff must establish that "the City implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated, or acted pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision-making channels." *Araoye*, 2022 WL 16553374, at *4 (citation modified) (quoting *McGovern*, 554 F.3d at 121). The policymaker must have also "authorized or acquiesced in the policy or custom." *See Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 761 (3d Cir. 2019); *Araoye*, 2022 WL 16553374, at *4 (citation modified).

"Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict," and custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citations omitted); *see also Araoye*, 2022 WL 16553374, at *4 (applying to Section 1981 violation). Additionally, Plaintiff must demonstrate the "'affirmative link' between the policy or custom" and the Section 1981 violation. *See Est. of Roman*, 914 F.3d at 798 (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)); *Araoye*, 2022 WL 16553374, at *4 ("The plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." (citation modified) (quoting *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000)).

Defendants argue that Plaintiff has failed to establish municipal liability under *Monell* because he does not plausibly plead intentional race discrimination or point to a policy, custom, or policymaker's act that caused the violation. *See* Defs. City of Allentown and Mandy Tolino's Br.

5

in Supp. of Their Mot. to Dismiss Pl.'s Am. Compl. ("Def.'s Br."), at 5-6 (ECF No. 13-1). The Court agrees that Plaintiff did not properly plead a *Monell* claim. Instead of describing a policy, custom, or policymaker's act, he alleges in a conclusory manner that he was denied the job because of his race, and the City's actions reflected its policy or custom. *See* Am. Compl. ¶¶ 36, 39. That is insufficient. Defendants' Motion to Dismiss Count I of the Amended Complaint is therefore granted.

### 2. Claim Against Mandy Tolino

A state actor cannot be held liable in an individual capacity under Section 1983 based on his or her supervisory status alone. *See King v. Borough of New Holland*, No. CV 24-6628, 2026 WL 147547, at *5 (E.D. Pa. Jan. 20, 2026) (citing *Iqbal*, 556 U.S. at 676); *Smith v. Loysville Youth Dev. Ctr.*, No. CV 19-3770, 2020 WL 5439547, at *3 (E.D. Pa. Sept. 10, 2020)); *Summers v. Comm'r Charles Ramsey*, No. CV 13-6644, 2016 WL 7188616, at *8 (E.D. Pa. Dec. 12, 2016) (explaining *respondeat superior* does not apply to Section 1983 claims). The individual must have been personally involved in the alleged wrongs. *Hatfield v. Berube*, 714 F. App'x 99, 102 (3d Cir. 2017) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)); *Loysville Youth Dev. Ctr.*, 2020 WL 5439547, at *4.

Plaintiff has not shown that Tolino "established and maintained a policy, practice or custom which directly caused the constitutional harm" or "participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *See Loysville Youth Dev. Ctr.*, 2020 WL 5439547, at *4 (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)). In fact, the only allegation he made about Tolino is that she is the City's Director of Parks and Recreation. *See* Am. Compl. ¶ 4. Accordingly, Defendants' Motion to Dismiss Count IV of the Amended Complaint is also granted.

### b. Claims Brought Under PHRA

Because the Court is granting Defendants' Motion to Dismiss as to Plaintiff's federal claims, the Court declines to exercise jurisdiction over Plaintiff's supplemental claims. *See* 28 U.S.C. § 1367(c)(3).

### c. Leave to Amend

The Third Circuit recognizes that the Court must offer amendment in civil rights cases "when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017). Thus, Plaintiff will be granted leave to amend.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED**. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge